**Sam A. PIERCE, Appellant,**

**v.**

**Leon D. CULVERSON, Trustee in Bankruptcy for Pan-Herk Corporation, Bankrupt, Appellee.**

**No. 24374.**

United States Court of Appeals Fifth Circuit.

Oct. 6, 1967.

———◆———

Willard H. Chason, Cairo, Ga., Carlisle & Chason, Cairo, Ga., for appellant.

Leonard H. Conger, Bainbridge, Ga., Conger & Conger, Bainbridge, Ga., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM.

Appellant is a secured creditor of the bankrupt in this Georgia transaction pursuant to a promissory note which contained a provision providing for the payment of attorney's fees upon default in payment of principal and interest under the obligation. Apparently, in accordance with the requirements of Georgia Code Annotated § 20–506, appellant's attorney mailed a letter on June 22, 1965 to the debtor relative to the collection of attorney's fees on said note. The letter stated:

"The promissory note executed by Pan-Herk Enterprises Ltd., Inc. and Guy F. Farmer under date of July 17, 1964, and now past due, to Sam A. Pierce in the amount of $27,500 with interest from said date at 6 per cent per annum provides for the payment of 20 per cent attorney's fees if collected through law.

"The Georgia law provides that the provision for attorney's fees may be enforced up to 15 per cent providing that you fail to pay the entire principal and interest due within 10 days after receipt of this note. This provision is also applicable to collection by foreclosure."

The next day the debtor was adjudicated a bankrupt. On December 6, 1965, appellant filed a proof of claim with the Trustee, claiming principal, interest and attorney's fees. On April 28, 1966, the Trustee paid the principal and interest on the note but declined to pay the additional 15 per cent attorney's fees. The Trustee then filed a petition to disallow attorney's fees with the Referee in Bankruptcy who held a hearing and found, as a matter of law, that the letter above referred to did not constitute sufficient notice as required by Georgia Code § 20–506, which Code provision states that the holder of the note, or his attorney at law, "shall, after maturity of the obligation, notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, indorser or party sought to be held on said obligation has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees."

The Referee held that the attorney's letter-notice relative to attorney's fees did not state that the provision relative to the payment of attorney's fees was to be enforced, at the most stating that such fees "may" be enforced, and the letter expressed no intention to enforce payment of attorney's fees. The District

**370**

Court concurred and approved and confirmed the Referee's order.

We agree that claimant's attorney failed to give the requisite notice under Georgia Code § 20–506 and, therefore, that the proper predicate has not been laid for the collection of attorney's fees which must be denied under these circumstances. See First Federal Savings & Loan Association of Atlanta v. Norwood Realty Co., Inc., 212 Ga. 524, 532, 93 S.E.2d 763.

Affirmed.